**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

WILLIAM SEAN BUCKNER,           )
                                )
            Plaintiff,          )
                                )
v.                              )   Case No. CIV-22-146-JAR
                                )
CITY OF SALLISAW, OKLAHOMA;     )
LT. HOUSTON MURRAY,             )
individually; and               )
CHIEF OF POLICE TERRY FRANKLIN, )
individually,                   )
                                )
            Defendants.         )

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion for Attorney Fees (Docket Entry No. 97) and Supplement thereto (Docket Entry No. 101). During the course of this case, one or more of the Defendants were awarded sanctions due to the conduct of Plaintiff. Plaintiff either conceded the award or failed to respond to Defendants' requests for sanctions. Defendants now request that they be awarded the attorneys' fees they incurred in the defense of this action in accordance with 42 U.S.C. § 1988(b) which provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

"'[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.' *See* Christiansburg Garment Co. v. EEOC*,* 434 U.S.

412, 422 (1978); *see also Hensley,* 461 U.S. at 429 n. 2, 103 S.Ct. 1933 ("A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."). A frivolous suit is one "based on an indisputably meritless legal theory, . . . [or] whose factual contentions are clearly baseless." Neitzke v. Williams*,* 490 U.S. 319, 327 (1989). However, the court need not find the lawsuit was "brought in subjective bad faith" to award fees to a prevailing defendant. Christiansburg*,* 434 U.S. at 421. "A defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception." Galen v. County of Los Angeles*,* 477 F.3d 652, 666 (9th Cir. 2007); *see also* Munson v. Milwaukee Bd. of Sch. Dirs.*,* 969 F.2d 266, 271 (7th Cir. 1992) ("It is possible for an initially nonfrivolous action to become frivolous when, for example, the factual basis supporting the complaint is shown to be groundless during discovery.").

   First and foremost, Plaintiff failed to respond to Defendants' requests for attorneys' fees which is emblematic of the problems which Plaintiff has presented through his conduct in this case. Defendants have extensively related the frivolous nature of Plaintiff's claims asserted in this case and the careless conduct during the course of discovery. This Court will not repeat here what Defendants have thoroughly recorded in their Motion. Based upon the lack of response and Plaintiff's blatantly frivolous claims, the awarding of attorneys' fees is warranted in this case. Defendants request the supplemented fees in the amount of $49,410.00. Obviously, since Plaintiff failed to

respond to the fee motion, he has not challenged the reasonableness of the fees requested. Further, this Court has reviewed the contemporaneous time records submitted by Defendants with their Motion and Supplement and finds the time incurred and the hourly rates charged to be reasonable. As such is the case, the award will be granted as requested.

IT IS THEREFORE ORDERED that Defendants' Motion for Attorney Fees (Docket Entry No. 97) and Supplement thereto (Docket Entry No. 101) are hereby **GRANTED**. Defendants are awarded their attorneys' fees against Plaintiff in accordance with 42 U.S.C. § 1988(b) in the total amount of $49,410.00.

IT IS SO ORDERED this 31st day of March, 2025.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE