**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM SEAN BUCKNER,              )<br>                                    )<br>            Plaintiff,              )<br>                                    )<br>v.                                  )   Case No. CIV-22-146-JAR<br>                                    )<br>CITY OF SALLISAW, OKLAHOMA;         )<br>LT. HOUSTON MURRAY,                 )<br>individually; and                   )<br>CHIEF OF POLICE TERRY FRANKLIN,     )<br>individually,                       )<br>                                    )<br>            Defendants.              )| |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Alter or Amend Opinion and Order and Judgment Pursuant to FRCP Rule 59 (Docket Entry No. 98). On April 29, 2024, this Court entered an Opinion and Order granting the summary judgment motions filed by Defendants Houston Murray, City of Sallisaw and Terry Franklin (Docket Entry No. 92).

Plaintiff brings this Motion in accordance with Fed. R. Civ. P. 59(e). After a court enters a final judgment, Rule 59(e) provides a mechanism for a party aggrieved by the judgment to move the Court to alter or amend that judgment. *See* Castanon v. Cathey, 976 F.3d 1136, 1140-41 (10th Cir. 2020). Relief under Rule 59(e) is available only under limited circumstances, typically only when the moving party can establish one of three grounds: (1) an intervening change in controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

While Rule 59(e) grants district courts the "chance to rectify [their] own mistakes immediately after [the] decision," Banister v. Davis, 590 U.S. 504, 508 (2020) (internal quotation marks omitted), granting a Rule 59(e) motion is strictly limited to cases where the district court "misapprehended the facts, a party's position, or the controlling law." Servants of Paraclete, 204 F.3d at 1012.  Rule 59(e) motions are not opportunities to relitigate issues already decided. They cannot be used to introduce new legal theories, arguments, or evidence that could have been presented before judgment. *See* Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (citation omitted).

Plaintiff first asserts that Defendant Murray's claim for qualified immunity is somehow nullified by the fact Plaintiff complied with the Oklahoma Governmental Tort Claims Act.  Plaintiff had every opportunity to raise this issue in response to Murray's summary judgment motion but failed to do so in his four-page response.  Additionally, Plaintiff's legal basis is not correct – either legally or logically.  Nothing in the **Oklahoma** Governmental Tort Claims Act can alter Murray's federal right to qualified immunity.  This assertion for altering the judgment is denied.

Plaintiff also attaches a series of documents to his Rule 59 motion ostensibly demonstrating that Murray received a bad conduct discharge from the military and a Declaration of Gary S. Barthel, a former judge advocate for the United States Marine Corps, who attests that Murray's activities constituted a felony.  Plaintiff then, as the argument goes,

proceeds to contend that Murray was disqualified from acting as a law enforcement officer in the State of Oklahoma. Glaringly omitted from Plaintiff's Motion is any justification for providing this information for the first time in a Rule 59 motion. Beyond questions of admissibility and introducing a previously undisclosed alleged expert witness for the first time at this late hour is the legal bar to the consideration of this new evidence. Clearly, this evidence was available to Plaintiff to utilize in a response to Murray's summary judgment and was not provided. Indeed, Plaintiff's response largely did not contest the material facts alleged by Defendants. The use of this information is completely improper and will not be considered.

Having presented no legally recognized basis for granting relief under Rule 59, Plaintiff's motion will be denied *in toto*.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Alter or Amend Opinion and Order and Judgment Pursuant to FRCP Rule 59 (Docket Entry No. 98) is hereby **DENIED**.

IT IS SO ORDERED this 31st day of March, 2025.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE